AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>Artur Nazaryan<br>a/k/a Araxia Nazaryian | )  **JUDGMENT IN A CRIMINAL CASE**<br>)<br>)  USDC Case Number:  CR-15-00234-022 CRB<br>)  BOP Case Number:  DCAN315CR00234-022<br>)  USM Number:  69001-112<br>)  Defendant's Attorney:  Sevag Nigoghosian (Retained) |

**THE DEFENDANT:**

☑ pleaded guilty to count: <u>One of the Superseding Information.</u>

☐ pleaded nolo contendere to count(s): which was accepted by the court.

☐ was found guilty on count(s): after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 331(a), 12 U.S.C. § 333(a)(1) | Misdemeanor Introduction and Delivery for Introduction into Interstate Commerce of Adulterated and Misbranded Drugs | 05/06/2015 | 1 |
| | | | |
| | | | |

The defendant is sentenced as provided in pages 2 through <u> 5 </u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s):

☑ Counts 4, 5, and 7 of the Second Superseding Indictment are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/21/2023
Date of Imposition of Judgment

Signature of Judge
The Honorable Charles R. Breyer
Senior United States District Judge
Name & Title of Judge

March 24, 2023

Date

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT:  Artur Nazaryan                                                                    Judgment - Page 2 of 5
CASE NUMBER:  CR-15-00234-022 CRB

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
    Time Served with no supervision to follow.

The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below.  Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

☐    The Court makes the following recommendations to the Bureau of Prisons:

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at   on  (no later than 2:00 pm).

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    at   on  (no later than 2:00 pm).

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.

                                      _____
                                         UNITED STATES MARSHAL

By   _____
                                       DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT:  Artur Nazaryan                                              Judgment - Page 3 of 5
CASE NUMBER:  CR-15-00234-022 CRB

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|  | Assessment | Fine | Restitution | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 25 | Waived | N/A | N/A | N/A |

☐    The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS | $  0.00 | $  0.00 |  |

☐    Restitution amount ordered pursuant to plea agreement $

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐    the interest requirement is waived for the.

     ☐    the interest requirement is waived for the  is modified as follows:

---

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

| DEFENDANT:  Artur Nazaryan | Judgment - Page 4 of 5 |
|---|---|
| CASE NUMBER:  CR-15-00234-022 CRB | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

**A** ☐   Lump sum payment of _____ due immediately, balance due

         ☐   not later than  , or
         ☐   in accordance with    ☐ C,   ☐ D, or   ☐ E, and/or     ☐ F below); or

**B** ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐   Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐   Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐   Payment during the term of supervised release will commence within  (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑   Special instructions regarding the payment of criminal monetary penalties:
         **A $25 Special Assessment is due. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |
| | | | |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☑   The defendant shall forfeit the defendant's interest in the following property to the United States:
     a. $3,017,888.30 seized from Bank of Manhattan account no. 208948807 on or about February 24, 2015;
     b. $7,983,151.78 seized from Bank of Manhattan account no. 285126789 on or about February 24, 2015;
     c. $1,926,579.42 seized from Associated Bank account no. 2283283550 on or about February 25, 2015;
     d. $340,645.48 seized from Merchant Bank account no. 70050342 on or about February 27, 2015;
     e. $716,539.66 seized from Citibank account no. 205851595 on or about March 12, 2015;
     f. $2,362.80 seized from Citibank account no. 205851587 on or about March 12, 2015;
     g. $1,910.00 seized from Citibank account no. 205851280 on or about March 12, 2015;
     h. $8,839.18 seized from Citibank account no. 205851298 on or about March 12, 2015;
     i. $4,934,463.32 seized from Comerica account no. 1894966892 on or about March 4, 2015;

---

* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (Rev. AO 09/19-CAN 12/19) Judgment in Criminal Case

DEFENDANT: Artur Nazaryan                                                      Judgment - Page 5 of 5
CASE NUMBER: CR-15-00234-022 CRB

j. $1,241,680.82 seized from Comerica account no. 1894966884 on or about March 4, 2015;

k. $451,741.61 seized from Banco Santander account no. 3004892983 on or about March 5, 2015;

l. $1,204,581.62 seized from Banc of California account no. 4010001602 on or about July 13, 2015;

m. $1,000,000.00 seized from Banc of California account no. 4010001602 on or about June 3, 2015;

n. $1,649,169.00 seized from Bryn Mawr Trust Company account no. 2477497 on or about August 13, 2015;

o. $569,169.00 seized from Bryn Mawr Trust Company account no. 3040001164 on or about August 13, 2015;

p. $2,193,413.72 seized from Merchant's Bank account no. 70050376 on or about August 10, 2015;

q. $1,537,311.21 seized from Merchant's Bank account no. 70082632 on or about August 10, 2015;

r. $619,336.46 seized from City National Bank account ending in 9306 on or about August 10, 2015;

s. $1,072.95 seized from Comerica Bank account no. 894914843 on or about May 16, 2015;

t. $21.69 seized from Bank of the West account no. 31817338 on or about May 6, 2015;

u. $3,037.35 seized from Wells Fargo Bank account no. 3598313660 on or about May 6, 2015;

v. $632.24 seized from Wells Fargo Bank account no. 9475901394 on or about May 6, 2015;

w. $5,185.74 seized from Wells Fargo Bank account ending in 6767 on or about May 6, 2015;

x. $2,800,000.00 seized from City National Bank account no. 555286767 on or about January 13, 2016;

y. $23,652.00 seized from USAA account no. 0146714199 on or about May 22, 2014;

z. $13,844.88 seized from USAA account no. 0147206065 on or about May 22, 2014;

aa. $10,717.99 seized from USAA account no. 0146343336 on or about May 22, 2014;

bb. all drugs and medication seized from or purchased by Ara Karapedyan , including, but not limited to, two bottles of Gleevec provided to a UC on January 8, 2015; eleven boxes of prescription drugs provided to law enforcement on January 20, 2015; thirteen boxes of prescription drugs seized during UPS shipment search warrant on March 24, 2015 in Eagan, MN; thirty-seven boxes of prescription drugs provided to a UC on May 4, 2015; and all drugs and medication obtained from Ara Karapedyan's residence (9000 Vanalden Ave., Unit 154, Northridge, CA) and Ara Karapedyan's business (12061 Strathern Street, North Hollywood, CA) on May 6, 2015;

cc. one Glock 23 pistol, serial number ZW007US, and five (5) rounds of .40 caliber ammunition seized from 12061 Strathern Street, North Hollywood, CA on or about May 6, 2015;

dd. 234 silver coins seized from Ara Karapedyan's residence;

ee. The real property and improvements located at 1634 La Loma Drive, Santa Ana, CA 92705 (APN 502-011-038);

ff. The real property and improvements located at 213 34th Street, Newport Beach, CA 92663 (APN 423-351-18);

gg. The real property and improvements located at 1422 Edinger Ave., Suite #230, Tustin, CA 92780 (APN 430-261-32);

hh. The real property and improvements located at 2655 Risa Drive, Glendale, CA 91208 (AIN 5653-028-021);

ii. The real property and improvements located at 1730 Capistrano Circle, Glendale, CA 91208 (APN 5653-015-025);

jj. The real property and improvements located at 311 Caruso Avenue, Glendale, CA 91210 (APN 5642-014-105);

kk. The real property and improvements located at 305 Calle Francesca San Clemente, CA 92672 (APN 060-281-39);

ll. $131,205 seized from Wells Fargo Bank account number 1784060376 on or about October 16, 2014.

mm. $111,387.11 seized from Wells Fargo Bank account number 1784060376 on or about October 16, 2014.

nn. The counterfeit/non-counterfeit gold, silver and copper seized from 4025 Sunswept Dr., Studio City, CA 91604, on May 6, 2015, including, but not limited to 200 2.5 gram gold nuggets; 10 silver coins, 4 gold coin nuggets; 5 gold nuggets; 5 Kruegerrand gold coins; 94 5 gram gold nuggets; 9 one-troy ounce silver bars, 5 USA gold coins; 75 1 gram Sunshine Minting gold nuggets; 6-8 pounds of liver; 25 one-dollar silver backed notes; Engelhand 100 troy ounce silver; 999 10 ounce silver bars; USA 1 kilogram .999 fine cobber bar; 2 one-gram fine gold; Perth mint Australia 5 gram 99.99% pure gold nugget; 5 grams silver.

☐   The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**